**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CHICAGO SOUTH LOOP HOTEL OWNER, ) | |
| LLC,[1] ) | Case No. 25-12829 |
| ) | |
| Debtor-in-Possession. ) | Honorable Deborah L. Thorne |
| ) | |

**RESPONSE TO MOTION TO DISMISS CHAPTER 11 CASE OR**
**APPOINT A CHAPTER 11 TRUSTEE**

Chicago South Loop Hotel Owner, LLC, Debtor and Debtor-in-Possession ("*Debtor*"), by its counsel, for its Response to Lous Dodd's Motion to Dismiss Chapter 11 Case or Appoint a Chapter 11 Trustee (the "*Motion*") hereby states as follows:

Dodd has based his Motion solely on the issue of the corporate authority of Todd Hansen to act on behalf of the Debtor. This is essentially just a factual question. It is clear from a review of all of the relevant corporate documents that Todd Hansen is the proper authorized representative of the Debtor as he is the Manager of the Debtor's sole Member.

The sole member of the Debtor is Chicago South Loop Hotel, LLC ("*CSLH*"). Pursuant to section 9 of the Debtor's Operating Agreement, the Debtor is member managed. See copy of Debtor's Operating Agreement attached hereto as **Exhibit A**. The original members and Co-Managers of CSLH were Louis Dodd ("*Dodd*"), James White, Floyd Mix and Jerry Cooper. See copy of the CSLH Operating Agreement attached hereto as **Exhibit B**. Dodd and James White each owned 42.5% of CSLH. Floyd Mix owned 10% of CSLH and Jerry Cooper owned 5% of CSLH. Upon information and belief, due to the death of James White, his membership interests in CSLH were transferred to his wife Vickie White ("*White*"). Upon information and belief, due

---

[1] The last four digits of the Debtor's tax identification number are 4789. The location of the Debtor's headquarters is 11 W. 26th Street, Chicago, IL 60616.

to the death of Floyd Mix, his membership interests were transferred to his daughter Vivian Murphy ("*Murphy*"). Upon information and belief, due to the death of Jerry Cooper, his membership interests were transferred to his daughter Astrid Cooper ("*Cooper*"). Thus, as of at least 2019, the four members of CSLH were Dodd, White, Murphy and Cooper. Dodd and White each owned 42.5% of CSLH, Murphy owned 10% and Cooper owned 5%. On or about July 5, 2013, a resolution was executed by CSLH that gave White and Dodd equal input in decisions affecting the company. See Resolution attached hereto as **Exhibit C**. All of these facts are uncontroverted.

There were disputes between all four members of CSLH that eventually ended up in litigation. In a way of resolving that litigation, White agreed to purchase the shares of Murphy and Cooper. At the time of the agreement to purchase, there were limits on the transfer of interests in CSLH. Pursuant to a Restrictive Stock Agreement of CSLH which required either more than 50% ownership to approve or an option for each party to share in the purchase after notice and an opportunity to purchase any membership interests. See Restrictive Stock Agreement attached hereto as **Exhibit D**, As part of the agreement of White to purchase the membership interests of Murphy and Cooper, notice was given to Dodd as an opportunity to purchase one half of the fifteen percent (15%) interest being purchased by White and that notice was given in July, 2020 and again in September, 2020. See copy of email attached hereto as **Exhibit E**. As evidenced by the email, Dodd never responded and forfeited his rights by not responding and failing to exercise his right to share in the purchase within 30 days. Thereafter, on December 30, 2020, White, Murphy and Cooper entered into a CSLH Membership Interest Purchase Agreement. See copy of CSLH Membership Interest Purchase Agreement attached hereto as **Exhibit F**. The sale was approved as part of a settlement that was approved by the

court in the litigation that existed involving White, Murphy, Cooper and Dodd.  See copy of Agreed Order attached hereto as **Exhibit G**.  Dodd participated in that case through counsel and had notice of the sale and the settlement agreement.  Following the sale, Murphy and Cooper resigned as managers of CSLH. See copy of Resignations attached hereto as **Exhibit H**.

This gave White 57.5% ownership of CSLH and effective authority to manage CSLH on her own by virtue of having over the 50% membership authority to act.  The authority to act with 50% of membership approval was already decided in the state court action in which the court ruled that Section 10.9 of the CSLH Operating Agreement provided that a manager must have 50% membership approval to perform any act on behalf of CSLH.  See copy of October 8, 2019 court order attached hereto as **Exhibit I**.

On February 27, 2023 CSLH, through White, executed a Resolution amending the operating agreement of CSLH to allow transfers of membership interests and changes in managers of CSLH by virtue of over 50% membership decision.  See copy of Resolution attached hereto as **Exhibit J**.  In compliance with the 50% membership decision authority, on February 27, 2023, CSLH executed a Resolution authorizing the transfer of 56% of the membership interests from White to Chicago South Loop Holdings, LLC ("Holdings").  See copy of Resolution attached hereto as **Exhibit K**.  On February 27, 2023, White and Holdings entered into a Purchase Agreement for the sale of 56% of the 57.5% of the membership interest owned by White.  See copy of Purchase Agreement attached hereto as **Exhibit L**.  Following the sale of the membership interests of White to Holdings, Holdings was the 56% owner of CSLH, Dodd was the 42.5% owner and White was the 1.5% owner.

On February 27, 2023 a resolution was executed naming Todd Hansen as the manager of CSLH.  See copy of Resolution attached hereto as **Exhibit M**.

3

As these documents layout, as of February 27, 2023, Todd Hansen was and is the manager of CSLH, which is the sole member of the Debtor. Therefore, the proper party authorized to act on behalf of the Debtor is the manager of its member and that is Todd Hansen. While the schedules and pleadings in this case list Todd Hansen as authorized representative of the Debtor, that is simply a shorthand version of saying Todd Hansen, as Manager of Chicago South Loop Hotel, LLC, the sole member of the Debtor.

The facts clearly establish that the current manager of CSLH, is Todd Hansen, which is sufficient to show that Holdings and Hansen have the requisite corporate authority to act in this case.

This is distinguished from the prior filed bankruptcy case since the Court was not presented with the documents that authorized the sale of Murphy and Cooper's membership interests to White and the subsequent changes to the operating agreement by virtue of White's ownership of more than 50% of the interest in CSLH.

The only basis raised in the Motion for either dismissal or appointment of a trustee is the lack of corporate authority. The fact that the Debtor has demonstrated that Todd Hansen has the proper corporate authority to act necessitates the Motion be denied. Additionally, no other basis was raised for appointment of a trustee because no other basis exists. The Debtor has been working with the secured creditor and has been making adequate protection payments to the secured creditor. The property owned by the Debtor is properly insured and is therefore protected for the estate. A bar date has been established for claims in the case and the Debtor is still in the exclusive period for filing its Plan of Reorganization. As the Debtor has informed the parties in open court, the Debtor has been working on financing to pay off the secured creditor and potentially resolve any issues with the disputes between the members of CSLH. The Debtor

expects to timely file the Plan of Reorganization. The Debtor plans to object to claims once the bar date has passed in January. The Debtor has filed its monthly operating reports. In addition to complying with all that has been required of the Debtor under the bankruptcy code and moving the case forward towards an exit strategy, there are no allegations of any wrongdoing by the Debtor that could serve as the basis for the appointment of a trustee.

The Motion fails to provide any proper basis for dismissal or appointment of a trustee and the Debtor therefore requests that the Motion be denied.

WHEREFORE, the Debtor respectfully requests that this Court deny the Motion and grant such further relief as may be equitable and just.

Dated: December 11, 2025                                Respectfully submitted,

                                                                /s/ Jeffrey C. Dan
Jeffrey C. Dan (ARDC #6242750)
**GOLDSTEIN & McCLINTOCK LLLP**
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile: (312) 277-3315
jeffd@goldmclaw.com

ATTORNEYS FOR DEBTOR