UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CHICAGO SOUTH LOOP HOTEL OWNER, LLC,[1] | ) |
| | ) Case No. 25-12829 |
| | ) |
| Debtor-in-Possession. | ) Honorable Deborah L. Thorne |
| | ) |

**SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS CHAPTER 11 CASE OR APPOINT A CHAPTER 11 TRUSTEE**

Chicago South Loop Hotel Owner, LLC, Debtor and Debtor-in-Possession ("*Debtor*"), by its counsel, for its Supplemental Response to Louis Dodd's Motion to Dismiss Chapter 11 Case or Appoint a Chapter 11 Trustee (the "*Motion*") hereby states as follows:

At the initial hearing on the Motion, the Court requested supplemental briefing on the issue of the settlement between Vickie White ("*White*"), Vivian Murphy ("*Murphy*"), Astrid Cooper ("*Cooper*") and Louis Dodd ("*Dodd*"), regarding White's purchase of Murphy and Cooper's interests in Chicago South Loop Hotel, LLC ("*CSLH*"), the sole member of the Debtor. This Supplemental Response addresses that issue.

The crux of the ruling by the Court in the prior bankruptcy case was that since White did not validly acquire a membership interest large enough to gain control of the Debtor's parent CSLH, the actions taken to remove Dodd as comanager, transfer White's membership interests in CLSH to Chicago South Loop Holdings LLC ("*Holdings*") and electing Todd Hansen as manager, were without proper authorization. Hence, by ruling that the purchase of the interests of Murphy and Cooper were not valid, White's interests remained at forty-two and one half

---

[1] The last four digits of the Debtor's tax identification number are 4789. The location of the Debtor's headquarters is 11 W. 26th Street, Chicago, IL 60616.

percent (42.5%), below the fifty percent (50%) threshold to amend the operating agreement and take other actions as she did. If the Court had found that White had properly acquired an interest in excess of fifty percent (50%), pursuant to section 10.9 of the CSLH operating agreement, she could act on behalf of the LLC with the right authorization and the acts of Todd Hansen on behalf of the Debtor are authorized. Based on the information before the Court in the prior bankruptcy case, it was believed that the sale was not valid, however, the agreement between White, Murphy and Cooper to sell the interests to White was in fact previously approved in the Circuit Court of Cook County, thus, making the sale valid and White holding a fifty-seven and one half percent (57.5%) interest. With that 57.5% interest, the actions taken by White to remove Dodd as a co-manager, amend the operating agreement to allow her to sell her interests to Holdings and naming Todd Hansen as manager, were all done with the requisite interests in excess of fifty percent (50%). Therefore, Todd Hansen is the proper representative of the Debtor and the actions taken in this bankruptcy case are with the proper authority, which necessitates the denial of the Motion.

As the Debtor laid out in the Response to the Motion, White entered into a CSLH Membership Interest Purchase Agreement (the "*Purchase Agreement*") to purchase the interests of Murphy and Cooper to get to her 57.5%. (See Exhibit F attached to the Response). The Debtor also laid out at Exhibit D of the Response that Dodd was offered the right to purchase the interests and waived his rights by not acting. This was enough to authorize the sale. The Purchase Agreement included promissory notes and security agreements to pledge security for the amounts due to Murphy and Cooper. (See Exhibit F). The amounts of the promissory notes totaled $2,199,583.68 plus interest to be paid to Murphy and Cooper combined (see Pages 62 and 67 of the Exhibits attached to the Response). The promissory note to Murphy totaled

2

$1,512,150, plus interest at five percent (5%) and the promissory note to Cooper totaled $756,075 plus interest at five percent (5%).

As the Debtor reported to the Court, this Purchase Agreement, along with the corresponding promissory notes that laid out the payments for the sale, were executed as part of a settlement that resolved the litigation between all of the owners of CSLH in case 2019 CH 10966. This litigation included White, Murphy, Cooper and Dodd as well as Premier Hospitality LLC and Paris Fountis. The Debtor requested the settlement agreement from White's attorney. He produced the same Purchase Agreement that was previously attached to the Response and referenced sections 2.6, 5 and 6 of the Purchase Agreement as the "settlement agreement," since those provisions referenced what litigation was pending at the time of the agreement (2019 CH 10966 and a related matter of 19 CH 11737) and that all litigation would be dismissed with prejudice after the closing of the sale. (See pages 56 and 58 of the Exhibits attached to the Response). Attached as Exhibit G to the Response was the Agreed Order in 2019 CH 10966, entered on January 20, 2021, that dismissed with prejudice the complaint and counterclaim as discussed in Section 5 of the Purchase Agreement. While the Purchase Agreement is not titled settlement agreement, it acts as a settlement of the claims between the parties and is what was referred to in the Order in Exhibit G.

As further evidence that the sale was in fact valid and approved in the Circuit Court of Cook County, and that the Purchase Agreement served as the "settlement agreement," Murphy and Cooper filed a Motion to Enforce Settlement Agreement which recognized the Purchase Agreement as the "settlement agreement." See Motion to Enforce Settlement Agreement ("*Motion to Enforce*") attached hereto as **Exhibit N**. The Motion to Enforce was granted by the Circuit Court on September 27, 2023. A copy of the Order Granting Motion to Enforce is

attached hereto as **Exhibit O**. Following that order, Murphy and Cooper obtained a judgment against White for failing to pay amounts due in the Purchase Agreement, based on Motion to Enforce. A copy of the Judgment Order is attached hereto as **Exhibit P**. The amounts in the order reflect the amounts due under the Purchase Agreement, plus interest.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, this Court must give the Circuit Court of Cook County's judgment the same preclusive effect it would receive in Illinois courts. The Circuit of Cook County has already held that the transfer of Murphy and Cooper's interests to White were valid. Dodd now attempts to argue that those transfers were not valid as a basis to dismiss this Chapter 11 case. Collateral estoppel applies when: (1) the prior adjudication decided the same issue now before the current court; (2) a final judgment on the merits exists; and (3) the party against whom estoppel operates participated as a party or in privity with a party to the prior adjudication. *Du Page Forklift Sales, Inc. v. Material Handling Servs., Inc.*, 195 Ill. 2d 71, 77 (2001). The present situation satisfies all three elements. The issue of the validity of the transfer of Murphy and Cooper's interest to White was already decided. It was a final judgment approving the Purchase Agreement, which was later used to approve a judgment against White in favor of Murphy and Cooper. Finally, Dodd was a party to that case and had notice and an opportunity to object to the purchase from Murphy and Cooper by White. He chose not to challenge it. He cannot now mount a collateral attack in this Court to the sale that the Circuit Court of Cook County already validated.

In addition to the exhibits J, K, L and M attached to the Response that evidenced the resolutions that modified the operating agreement to allow transfers of membership interests, changed managers, evidenced the sale to Holdings and named Todd Hansen as manager, the Debtor has obtained additional resolutions that amended the operating agreement previously.

4

Attached as **Exhibit Q** to this Supplemental Response is an Amendment to the CSLH Operating Agreement that allows a manager to be removed by the other managers, dated July 18, 2018. This had the sufficient over fifty percent (50%) required in Section 10.9 of the CSLH Operating Agreement to act on behalf of the LLC. More importantly, attached as **Exhibit R** to this Supplemental Response is a Resolution dated July 18, 2018 removing Dodd as a manager for cause and authorized White, Murphy and Cooper to act on behalf of CSLH as the managers. When coupled with Murphy and Cooper's later resignations as managers of CSLH, which were attached as Exhibit H to the Response, this left White as the sole manager. Additionally, attached as **Exhibit S** to this Supplemental Response is a resolution of CSLH which confirms that White was the 57.5% owner. Thus, her actions in the resolutions in exhibits J, K, L and M were authorized. Therefore, naming Todd Hansen as manager of CSLH was authorized and he is the proper representative of the Debtor.

      The actions taken that gave White a 57.5% interest in CSLH and removed Dodd as a manager of CSLH were further acknowledged by various actions of CSLH, including applying for business and liquor licenses for the property and how it held itself out to other parties regarding inquiries into the company. Attached as Group **Exhibit T** to this Supplemental Response are a copy of the business license dated June 15, 2022 which recognized that White was the manager of CSLH and Dodd was only a member. There is also an application filled out by Dodd for a liquor license with the city, along with his drivers license that shows his supervisor at CSLH was Vickie White. Finally, there is a letter dated January 21, 2022 from J. Mark Lukanich, the attorney for CSLH, reaching out to Sharon Grant who handled the license applications for the company, which recognized the structure of the LLC with White owning 57.5%, Dodd owning 42.5% and White serving as the sole manager.

With the addition of these documents, taken in conjunction with the exhibits attached to the Response, it is clear that Todd Hansen is the authorized representative of the Debtor and the Debtor is authorized to act in this Chapter 11 case.

As noted by Hospitality Structured Funding IV, LLC in its response, this case was filed as an involuntary case. A creditor, not the Debtor, commenced this case on August 20, 2025 by filing an involuntary petition. No objections were made to the order for relief being entered, including no objections from Dodd or Hospitality Structured Funding IV, LLC. On September 11, 2025, this Court entered an Order for Relief [Dkt. 15]. Therefore, authority is not an issue for the pendency of this Chapter 11 case. That said, *assuming arguendo* that the Court still requires the Debtor to establish authority to continue to act for the Debtor, the exhibits attached hereto and to the Response establish that authority.

As discussed in the Response, there is no basis for the appointment of a Trustee. The only new issues raised by Hospitality Structured Funding IV, LLC were regarding adequate protection payments and real estate taxes. The adequate protection payments have been made by the Debtor each month to the purported secured creditor and continue to be made. The property is properly insured and evidence has been provided of same to the US Trustee and to the purported secured creditor. Finally, the Debtor has a payment plan with Cook County for the payment of real estate taxes and all payments have been made pursuant to that payment plan. Attached hereto as **Exhibit U** is evidence of the payment plan and each of the checks from January showing the payments. There has been no actual basis raised that would lead to the appointment of a trustee and that should be denied.

Since the Motion fails to provide any proper basis for dismissal or appointment of a trustee, the Debtor therefore requests that the Motion be denied.

WHEREFORE, the Debtor respectfully requests that this Court deny the Motion and grant such further relief as may be equitable and just.

Dated: February 18, 2026                     Respectfully submitted,

  /s/ Jeffrey C. Dan
Jeffrey C. Dan (ARDC #6242750)
**GOLDSTEIN & McCLINTOCK LLLP**
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile:  (312) 277-3315
jeffd@goldmclaw.com

ATTORNEYS FOR DEBTOR